NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CURTIS L. DEMBY,

        Plaintiff,

        v.

NEW JERSEY STATE PRISON
DEPARTMENT OF MEDICAL STAFF, et al.,

        Defendants.

Civil Action No. 20-247 (MAS) (LHG)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of *pro se* Plaintiff Curtis L. Demby's Amended Complaint. (ECF No.1.) As Plaintiff has previously been granted *in forma pauperis* status in this matter, (*see* ECF No. 4), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, or fails to state a basis for relief. For the reasons set forth below, this Court will dismiss Plaintiff's Complaint without prejudice.

## I.    BACKGROUND

    Plaintiff is a convicted state prisoner confined within New Jersey State Prison. (ECF No. 1 at 3-4.) On October 4, 2019, he underwent surgery at St. Francis Hospital "to remove [a] scalp mass." (*Id.* at 7.) This surgery was performed by Defendant Dr. Rajiv K. Shah. (*Id.*) According to Plaintiff, Shah apparently used the wrong sort of stiches, and so he later had to have the stitches placed by Shah removed at New Jersey State Prison and he was forced to endure some discomfort, scarring, and pain as a result. (*Id.* at 5.)

On October 15, Plaintiff was seen by Defendant Dr. Miller, a doctor at the prison, because of bleeding from the incision site and migraine pain, for which he was provided pain medication. (*Id.* at 7.) On October 16, Plaintiff was seen by Dr. Miller again as there was "leakage" coming from his incision. (*Id.*) Although Dr. Miller concluded that Petitioner did not have an infection, she prescribed Petitioner antibiotics out of caution. (*Id.*) In his complaint, Plaintiff contends that the actions of Shah, Miller, and other prison medical staff amount to "blunt negligence," and that he is suffering as a result. (*Id.*)

## II. LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status in this matter. Pursuant to this statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a

2

legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . [be] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III.    DISCUSSION

In this matter, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 in which he asserts that Defendants[1] were deliberately indifferent to his medical needs. Generally, a Plaintiff

---

[1] Although this Court will dismiss Plaintiff's complaint without prejudice as he fails to state a plausible claim for relief under § 1983 for the reasons expressed herein, the Court notes that several of the Defendants Plaintiff names are improper Defendants in a § 1983 matter. First, the Court notes that § 1983 only permits claims against those acting under color of state law, and a § 1983 claim may not be brought against a private hospital, such as Defendant St. Francis Medical Center, or one of its employees, such as Defendant Shah, without pleading sufficient facts to show that, in this matter, those private actors were functioning under color of state law. *See, e.g., Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010); *Turner v. Children's Hosp. of Philadelphia*, 378 F. App'x 124, 126 (3d Cir. 2010). A state prison or prison department, such as the New Jersey State Prison medical department which Plaintiff seeks to name

can make out an Eighth Amendment claim based on deficient medical care in a prison setting by pleading facts which indicate that the defendants were deliberately indifferent to his serious medical needs. *King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983)); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires both that the Plaintiff plead a sufficiently serious medical need, *King*, 302 F App'x at 97, and acts or omissions which indicate that the defendants were deliberately indifferent to that need – *i.e.*, that the defendants acted with a reckless disregard for a substantial risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013). "Deliberate indifference requires more than inadequate medical attention or incomplete medical treatment," *King*, 302 F. App'x at 97, and a plaintiff pleading a claim for deliberate indifference must therefore plead something more than mere negligence or medical malpractice to state a viable constitutional claim. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). By his own admission, Plaintiff in this matter at most pleads "blunt negligence," and Plaintiff has failed to plead any facts showing that Defendants acted with a reckless disregard for a substantial risk of harm, and he has therefore failed to plead a plausible claim for relief under § 1983.[2] *Farmer*, 511 U.S. at 837-38; *Rouse*, 182 F.3d at 197. Plaintiff's complaint is therefore dismissed without prejudice in its entirety.

---

as a Defendant in this matter, is likewise not a "person" subject to suit in a § 1983 matter. *See, e.g., Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013). Thus, even had Plaintiff pled a plausible medical claim, these Defendants would still have to be dismissed from this matter.

[2] This Court expresses no opinion as to whether Plaintiff has actually pled claims sufficient to show even negligence. The Court notes, however, that to the extent Plaintiff wishes to raise claims for medical negligence, he may do so by filing a medical malpractice suit in state court.

4

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED**
**WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE